IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  3:25-po-0033-DMC-1 |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| RICHARD D. BARKER, | |
| Defendant. | |

A bench trial was held in this matter on July 28, 2025, before the undersigned at the United States District Court in Redding, California.  At the conclusion of the trial, the Court granted Defendant's request to file written closing arguments. On August 13, 2025, the Court set a briefing schedule for the closing arguments. <u>See</u> ECF No. 10. On August 21, 2025, the government filed their closing argument, ECF No. 11, and on October 6, 2025, Defendant filed his closing argument, ECF No. 12.

**I. BACKGROUND**

Defendant was cited for violating California Vehicle Code (CVC) § 23115(a) on February 10, 2025. <u>See</u> ECF Nos. 1 and 11.  The matter was set for a bench trial on July 28, 2025. <u>See</u> ECF No. 4. On the day of trial, Defendant provided the Court with a motion to dismiss, which was filed on the docket on August 6, 2025, as a "notice of special appearance and special

1

plea in bar." See ECF No. 9.  There, Defendant argued that (1) the Court lacks jurisdiction to preside over a state matter; (2) the Court lacks jurisdiction "over Private Prosecutions from Governmental agencies, such as the Sierra Army Deport Security Police;" (3) the Court lacks jurisdiction for failure to bring a verified complaint pursuant to CVC § 40513 and Government Code §§100 and 26500; (4) the Government has "a paralegal perpetuating a fraud on the court due to citing agency practicing law without a requisite Bar license;" (5) the Government failed to meet the pleading requirements of California Penal Code §959; (6) the Government fails "to meet the 'Ultimate Facts' pleading standards for a quasi-criminal offense;" and (7) the Government failed to meet the Judicial Review pleading requirements pursuant to California Code of Civil Procedure §§1084 and 1094.5." ECF No. 9, pg. 2.

On the day of trial, Defendant also presented the Court with a motion to dismiss arguing the trial violated his rights under the Speedy Trial Act, 18 U.S. Code § 3172. This motion does not appear to be filed on the docket. After hearing arguments from Defendant as to this motion to dismiss, the Court denied Defendant's motion. See ECF No. 6, pg. 1.

In their closing argument, the Government asserts that the evidence presented at the trial proves beyond a reasonable doubt that Defendant violated CVC § 23115(a) and the Court should therefore find Defendant guilty. See ECF No. 11. The Government relies on the testimony of citing Officer Greer to show each element of the charged violation was met. See id. Additionally, the Government argues that Defendant's motion to dismiss for lack of jurisdiction is without merit. See id.

In his closing argument, Defendant asserts there is insufficient evidence to find Defendant guilty. See ECF No. 12. Defendant raises another jurisdictional argument, contending that Title 18 U.S.C. §3439 "establishes that jurisdiction in federal enclaves cannot be assumed where Congress has not expressly extended it." Id. at 2. Defendant additionally asserts seven arguments, as follows: (1) the Court lacks jurisdiction over the matter, "the trial was barred by [Defendant's] special plea in bar;" (2) that because there is no public access on Sierra Army Depot, the California Vehicle Code does not apply; (3) the Assimilative Crimes Act does not apply because there is no "gap" in federal law because "Congress has provided a comprehensive

military regulations governing traffic and transport;" (4) "Defendant raises and renews an objection concerning the appearance of judicial bias;" (5) Defendant was deprived of a Speedy Trial; (6) the Government failed to prove its' case; and (7) "the prosecuting authority acted beyond its lawful capacity" under Local Rule 180 (b). Id. at 2-3.

## II. DISCUSSION

As a preliminary matter, the Court will address Defendant's jurisdictional arguments and then will consider the issues Defendant raised in his closing argument that are beyond the Court's determination of the sufficiency of the evidence presented at trial. As explained herein, the Court finds Defendant's jurisdictional arguments without merit and therefore will deny Defendant's motion to dismiss and find this Court has jurisdiction over this matter. Then, the Court will consider the evidence presented at trial, finding such evidence establishes beyond a reasonable doubt that Defendant is guilty of violating CVC § 23115(a), for the reasons explained herein.

### A.     Defendant's Jurisdictional Arguments

The Court finds Defendant's contention that this Court lacks jurisdiction over this matter is without merit. The Assimilative Crimes Act (ACA) provides a mechanism for the "laws of states adopted for areas within Federal Jurisdiction." See 18 U.S. Code § 13. Thus, the federal government has jurisdiction to impose a citation pursuant to the California Vehicle Code, in accordance with the ACA, in the absence of federal law. Additionally, the Ninth Circuit held that the ACA only assimilates the offense and elements of the offense into federal law, which means federal procedural laws apply, not state procedural laws. See United States v. Roberts, 845 F.2d 226, 228-29 (9th Cir. 1988). Thus, Defendant's arguments about the Government's failure to adhere to California procedural requirements fail.

Defendant raised a new jurisdictional argument in his closing, asserting that under 18 U.S. Code § 3439, "California lacks jurisdiction to enforce its Vehicle Code within" Sierra Army Depot because it is "restricted federal property." ECF No. 12, pg. 3. However, 18 U.S. Code § 3439 establishes that "motion to dismiss or for appropriate relief substituted for demurrer

3

or dilatory plea or motion to quash, Rule 12." Rule 12 of the Federal Rules of Criminal Procedure outlines the process for pleadings and pretrial motions. Neither 18 U.S. Code § 3439 nor Rule 12 provide a basis for Defendant's jurisdictional argument. To the extent that Defendant is arguing that the restricted nature of Sierra Army Depot means that the California Vehicle Code, which regulates public highways, cannot be enforced, the Court addresses such argument in the next section.

Defendant additionally argues "the trial was barred by [Defendant's] special plea in bar." However, Defendant raising an argument as to jurisdiction itself does not bar jurisdiction. At trial, the Court reserved ruling on Defendant's jurisdictional arguments, in part due to Defendant's election to bring the motion to dismiss at the time of trial, rather than filing it before trial and providing the Court with time to consider such motion. After consideration of all such arguments as now raised by Defendant, the Court denies Defendant's motion to dismiss as to lack of jurisdiction and finds this Court has proper jurisdiction over this matter.

### B. Defendant's Additional Arguments

The Court will now turn to Defendant's argument (2) that that the California Vehicle Code does not apply on Sierra Army Depot because there is no public access. See ECF No. 12. Defendant's argument is foreclosed by United States v. Kiliz, 694 F.2d 628, (9th Cir. 1982). In Kiliz, the Ninth Circuit held that the ACA is intended as a "conformity policy" and just because access to a road is restricted does not preclude the imposition of state vehicle laws which regulate "public highways" in that area under the ACA. See id. at 631-32 (holding that "the restricted nature of the roadway" does not invalidate a defendant's conviction for a violating a state law which regulates the "'public highway'" under the ACA); see also United States v. Barner, 195 F. Supp. 103, 105 (N.D. Cal. 1961)). Additionally, testimony provided by Officer Greer established that the road Defendant was cited on is accessible to the public and the gate which, at times, restricts access to that road, is left open throughout the workday for public access. Accordingly, this Court finds that CVC § 23115(a) applies to this road and Defendant's argument (2) is without merit.

///

As to Defendant's argument (3), that the Assimilative Crimes Act does not apply because there is no "gap" in federal law, the Supreme Court held that the ACA "subjects federal enclaves, like military bases, to state criminal laws except when they punish the same conduct as a federal statute." Torres v. Lynch, 578 U.S. 452, 468 (2016). The California Vehicle Code section at issue in Defendant's citation provides that:

> No vehicle transporting garbage, swill, used cans or bottles, wastepapers, waste cardboard, ashes, refuse, trash, or rubbish, or any noisome, nauseous, or offensive matter, or anything being transported for disposal or recycling shall be driven or moved upon any highway unless the load is totally covered in a manner that will prevent the load or any part of the load from spilling or falling from the vehicle.

California Vehicle Code § 23115(a).

Defendant contends without citation to authority that "Congress has provided a comprehensive military regulations governing traffic and transport." The Court is not aware of any federal statute akin to CVC § 23115(a). In the absence of a federal statute that prohibits the same conduct, the ACA provides a mechanism for CVC § 23115(a) to apply on the Sierra Army Depot.

As to Defendant's claim of judicial bias, the Court afforded Defendant all consideration due a Pro Se litigant, including latitude such as ample time for filing written closing arguments rather than compelling arguments at the conclusion of the trial. Defendant's charge of bias is in sharp contrast to his comments at trial in which Defendant expressed appreciation for the Court providing Defendant "training wheels" as the undersigned repeatedly took time to ensure court processes were explained to Defendant throughout the trial. There was no bias demonstrated against Defendant, and he received every opportunity to fairly prepare and present his case.

As to Defendant's Speedy Trial claim, the Court previously denied Defendant's motion to dismiss as to this issue. The Ninth Circuit has held "petty offenses are exempted from both the requirement of a jury trial and the Speedy Trial Act." United States v. Richmond, 312 F. App'x 56, 57 (9th Cir. 2009). Thus, the Speedy Trial Act is inapplicable. Further, even assuming arguendo that there was any applicability to that provision, as the Court stated prior to trial, the

Court does not find that Defendant has suffered any harm or prejudice due to the scheduling of his trial. See Barker v. Wingo, 407 U.S. 514, 532 (1972).

The Court will address Defendant's argument (6) in the following section as it goes to the sufficiency of the evidence and whether the Government proved each element of the charged offense beyond a reasonable double. Finally, the Court finds that Defendant's argument that "the prosecuting authority acted beyond its lawful capacity" under Local Rule 180 (b) is without merit. Local Rule 180 (b) provides that "except as otherwise provided herein, only members of the Bar of this Court shall practice in this Court." Local Rule 180 (b)(4)(a) establishes that "an officer, agent or employee of a federal agency or department may practice before the Magistrate Judges on criminal matters in this Court." Here, Katherine D. O'Sullivan, who presented the case on behalf of the Government, has complied with the requirements of Local Rule 180 (b)(4)(a) and appeared before the undersigned Magistrate on this and other criminal matters. Here, her prosecution of this case was proper and in accordance with the Local Rules.

### C.     Analysis of Evidence

The Government contends that at the trial, they presented evidence establishing each element of CVC § 23115(a) beyond a reasonable doubt. See ECF No. 11. Defendant argues that he was driving a commercial vehicle, was not transporting waste matter, trash, rubbish, refuse, or recyclable materials, was not driving on a public highway, and did not have to cover the load because it was secured. See ECF No. 12, pg. 2.

Officer Greer testified that the Defendant, who Officer Greer identified in Court, was driving a truck on Sierra Army Depot, which is within the Eastern District of California, on February 10, 2025. Officer Greer testified that the "dump truck" contained wood pallets and the load of wood pallets was not covered. He stated that he noticed Defendant as Defendant was "driving inbound into the landfill area." Officer Greer stated that he initiated the stop after Defendant drove through gate 510 and had turned onto the dirt road that leads to the landfill.

///

///

The Government presented photo evidence, which was admitted without objection by Defendant, that showed the truck he was operating, its' contents, and the fact that the material being hauled in the truck was not covered. Further, Officer Greer's testimony and the photos showed that the truck had a mechanism to cover the contents of the truck, and that the cover was not being used at the time. Officer Greer further testified that as the truck drove, the wood pallets were visible, bouncing, and moving above the top of the truck.

The Government presented sufficient evidence to establish beyond a reasonable doubt that Defendant was driving a vehicle transporting wood pallets for disposal or recycling, as indicated by the location and direction Defendant was driving, on a road within the Eastern District of California, without any covering on the load, in violation of California Vehicle Code § 23115(a). Thus, the undersigned finds that Defendant is found guilty of California Vehicle Code § 23115(a).

Defendant is sentenced to a fine of $165.00 with a special assessment fee of $5.00 and $30.00 processing fee, totaling $200.00, due November 29, 2025. A judgment/violation notice with information on how and where Defendant can pay this will be filed and served to Defendant via mail to the address on file.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 9, is DENIED;
2. Defendant is found GUILTY of California Vehicle Code § 23115(a); and
3. Defendant is SENTENCED to a fine of $165.00 with a special assessment fee of $5.00 and $30.00 processing fee, totaling $200.00, due on or before November 29, 2025.

Dated: October 30, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE